No. 13,398.

## HAYES ET AL. *v.* MINNICH.

SPECIAL FINDING.—*Conclusions of Law.—Supreme Court.—Practice.*—Where a question is reserved upon a conclusion of law, but not upon the special finding upon which it is based, the latter will not be reviewed in the Supreme Court.

From the Kosciusko Circuit Court.

*A. C. Clemans* and *A. G. Wood,* for appellants.

*L. H. Haymond* and *L. W. Royse,* for appellee.

NIBLACK, J.—This was a suit by Franklin V. B. Minnich against William Hayes and Emelia Hayes, his wife, to foreclose a mortgage.

For some years previous to the 24th day of March, 1880, Emelia Hayes was the owner of a part of a lot of ground in the town of Pierceton, in Kosciusko county. Prior to the date named, William Hayes, her husband, proceeded to erect a brick house on this part of a lot, and employed the appel-

lee, Minnich, to put an iron roof on the building, upon the faith of certain representations as to the sufficiency of such roof to protect the building.    Minnich put an iron roof on the building accordingly.    On the 24th day of March, 1880, referred to, Hayes and wife had a settlement with Minnich concerning this iron roofing, including, perhaps, some other matters, and, as a result of such settlement, executed to him two promissory notes, one for $350 payable in one year, and the other for $362.74 payable in two years from date.    They also, at the same time, executed to Minnich a mortgage on the house and lot in question to secure the payment of these notes, and it was to foreclose the mortgage thus executed that this suit was prosecuted.

During the progress of the cause Mrs. Hayes died, and her children and heirs at law were made parties defendants in her stead.

The circuit court made a special finding which was in accordance with the facts as herein stated, and also finding that the roofing put on the building by Minnich was not of the quality agreed to be put on by him, but was defective and not sufficient to protect the house; that by reason of its defective condition water ran down through it on to the walls and into other parts of the building, thereby causing serious damage to it; that by reason thereof the defendants were entitled to a recoupment; that there was due upon the face of the notes the sum of $739.12; that the defendants were entitled to recoup the sum of $245, the amount at which their damages were assessed.

From the facts thus found, the circuit court came to the conclusion that Minnich ought to have judgment for the sum of $494.15, and accordingly rendered a personal judgment against William Hayes for that sum, decreeing in addition a foreclosure of the mortgage and a sale of the mortgaged premises.

The evidence is not in the record, and the only question presented here is upon the conclusion of law arrived at as

above. The only objection in that respect is, that upon the facts as found the defendants were entitled to a recoupment for a sum greater than $245. But the particular facts relied upon to sustain this objection are not specifically designated. Besides, if the damages resulting to the defendants were correctly assessed, there was no error in the conclusion stated by the court. The objection urged is, therefore, an attack upon the special finding rather than upon the conclusion drawn from it, and as no question was reserved upon the special finding, there is nothing presented for our decision which involves the real merits of the controversy at the hearing below.

The judgment is affirmed, with costs.

